FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 03 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

KENNETH JOHNSON;
JACQUELYN JOHNSON,

               Plaintiffs

               v.

CHIEF JUDGE LEIGH MARTIN
MAY, in her official capacity;
JUDGE SARAH ELISABETH
GERAGHTY, in her official capacity;
and U.S. DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
GEORGIA,

               Defendants.

Civil Action No:

COMPLAINT

JURY TRIAL DEMAND

1:26-CV-1212

### NATURE OF THE ACTION

Now comes the Plaintiffs Kenneth and Jacquelyn Johnson (hereinafter "Johnson's") pursuant to provisions under *Bivens v. Six Unknown Narcotics Agents* 403 U.S. 388 (1972), to correct unlawful deprivation of rights, conspiracy to interfere with rights, fraud on the court, intentional infliction of emotional distress leading to irreparable personal injury and multiple violations of the Johnson's constitutionally protected rights to due process under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution, obstruction of justice, perjury, accessary to murder after the fact, conspiracy, and conspiracy to interfere with the judicial process in the United States District Court for the Northern

1

District of Georgia in *Kenneth Johnson, et al v. Georgia Bureau of Investigation, et al* case number: 1:23−cv−04218 and *Kenneth Johnson, et al v. Georgia Department of Public Health,* case number: 1:24−cv−05140. The Plaintiff's have been adversely effected by deprivation of rights, conspiracy against rights, intentional infliction of emotional distress, ongoing denial of Constitutional Due Process rights under the Fifth, Seventh, and Fourteenth Amendments.

Specifically, the Defendants acting with "clear absence of jurisdiction" and in contravention of federal and state laws[1], joined the murder cover-up conspiracy scandal of the Johnson's minor son Kendrick Lamar Johnson, by the Lowndes County Georgia Sheriff's Office, Valdosta-Lowndes Regional Crime Labratory, and Georgia Bureau of Investigation involving a multitude of racketeering influenced corrupt organization (RICO) predicate criminal acts, when they used their official position for more than two years in *Kenneth Johnson, et al v. Georgia Bureau of Investigation, et al*, and *Kenneth Johnson, et al v. Georgia Department of Public Health,* acting under color of law by assisting, aiding, and providing comfort to the co-conspirators involved in the murder scandal cover-up of the

---

[1] See *Elliott v. Peirsol*, 1 Pet. 328, 340, 7L. Ed. 164; *Old Wayne Life Ass'n v. McDonough*, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345." - "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." See also *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S. Ct. 116 (1920)

Johnson's minor son, including but not limited too overt acts violating 18 U.S.C. § 1001, 18 U.S.C. § 242, and GA Code § 16-10-20.1.

O.C.G.A. § 16-4-8 states a person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and <u>any one or more of such persons does any overt act to effect the object of the conspiracy</u>. The statute makes clear that anyone who knowingly and willingly joins an ongoing conspiracy is considered a member, just as much as if they had been part of the original agreement.

In a conspiracy to cover up a murder and obstruct justice in the state of Georgia, an overt act in the furtherance of the conspiracy, whether it be hiding a body or making false filings in court to assist members of the conspiracy to avoid the due administration of justice, attaches that person to the conspiracy as if they were an original member!

The public record is clear, Defendant-LMM, Defendant-SEG, and the U.S. District Court for the Northern District of Georgia (hereinafter "DCG") itself were required by law to deny relief to the co-conspirators in the murder cover-up conspiracy scandal of the Plaintiff's minor son Kendrick based on the "clean hands"[2] doctrine and further mandated by law to contact authorities regarding clear

_____

[2] See Clean Hands Doctrine - "The clean hands doctrine is based on the maxim of equity which states that one "who comes into equity must come with clean hands." This doctrine requires the court to deny equitable relief to a party who has

evidence of a vicious crime and scandalous public corruption under RICO laws covering up of the crimes by local, state, and federal authorities.[3]

The Defendants instead joined the conspiracy using their official positions as presiding U.S. District Court judges acting under color of law[4] providing aid, comfort, and relief to unindicted felons, thereby violating the Johnson's constitutionally protected rights further highlighting Defendant-LMM and Defendant-SEG being joined at the hip with and members of a racketeering influenced corrupt organization that covered-up the murder of Kendrick Johnson!

United States Supreme Court rulings in *District of Columbia v Wesby*, 138 S. Ct. 577, 589, 199 L.Ed. 2d 453 (2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct 1092, 89 L.Ed. 2d 271 (1986)) affirm the doctrine of qualified

---

violated good faith with respect to the subject of the claim. The purpose of the doctrine, as explained in *Colby Furniture Company, Inc. v. Belinda J. Overton* is to prevent a party from obtaining relief when that party's own wrongful conduct has made it such that granting the relief would be against equity and good conscience. However, as noted by the U.S. Supreme Court in *Keystone Driller Co. v. General Excavator Co*. 290 U.S. 240, 245 (1933), "such a wrongful act must have an immediate and necessary relation to the equity" that is being sought.
https://www.law.cornell.edu/wex/clean_hands_doctrine

[3] 18 U.S. Code § 4 - Misprision of felony - Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.
https://www.law.cornell.edu/uscode/text/18/4

[4] 18 U.S.C. § 242 makes it a federal crime for anyone acting "under color of any law" to willfully deprive individuals of their Constitutional rights with penalties ranging from one year to life imprisonment.
https://www.law.cornell.edu/uscode/text/18/242

immunity protecting "all but the plainly incompetent or those who knowingly violate the law." thereby negating and abrogating any judicial claim of absolute immunity in spite of engaging in egregious, nefarious, and felonious activities depriving and interfering with the Plaintiff's constitutionally protected rights.

The matter before this Honorable Court is proper and timely.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  This action is authorized and instituted pursuant to provisions under *Bivens v. Six Unknown Narcotics Agents* 403 U.S. 388 (1972).

3.  The actions, deprivation of rights, conspiracy to interfere with rights, and conspiracy against rights commenced within the jurisdiction of the United States District Court for the Northern District of Georgia.

4.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff's are Kenneth Johnson and Jacquelyn Jonson.  Plaintiff's address is 2800 Tyndall Drive, Valdosta, Georgia 31602.

Defendant-LMM

6. Defendant Chief Judge Leigh Martin May is the chief judge of the U.S. District Court for the Northern District of Georgia and was appointed by former

U.S. President Barack Obama. She joined a conspiracy that covered up the murder of the Plaintiff's minor son Kendrick, used her position as judge to deprive and interfere with the Plaintiff's protected rights, and she entered a materially false, fraudulent and felonious Order and Final Judgment without any due process while she presided over their case. Chief Judge May is sued in her official capacity. Her workplace address is 75 Ted Turner Dr., Atlanta Georgia 30303

Defendant-SEG

7. Judge Sarah Elisabeth Geraghty is a a judge at the U.S. District Court for the Northern Districrt of Georgia and was appointed by former U.S. President Joseph Biden. She joined a conspiracy that covered up the murder of the Plaintiff's minor son Kendrick, used her position as judge to deprive and interfere with the Plaintiff's protected rights. Judge Geraghty is sued in her official capacity. Her workplace address is 75 Ted Turner Dr., Atlanta Georgia 30303

8. Between the dates of September 19, 2023 to February 19, 2026, the Defendants acting under color of law, used their position as presiding judge in the matters of *Kenneth Johnson, et al v. Georgia Bureau of Investigation, et al*, and *Kenneth Johnson, et al v. Georgia Department of Public Health*, by intentionally entering materially false, fraudulent, and felonious Orders to the benefit of the Defendant's in those cases that in addition to violating numerous federal and state

criminal statutes, deprived and interfered with the Johnson's constitutionally protected rights.

9.  The causes of action herein arose during this time period.

RELEVANT BACKGROUND AND FACTS RELATING TO THE
DEPRIVATION OF RIGHTS, CONSPIRACY TO INTERFERE WITH RIGHTS

10. Kendrick Johnson (Exhibit 1), the minor child of Plaintiff's Kenneth and Jacquelyn Johnson, was murdered in the Lowndes County High School where he attended, during school hours, in an unsupervised gymnasium with a cause of death of non accidental blunt force trauma.  Exhibit 2

11. School resource officer and first responder Michael Adams reports Kendrick's face "was severely disfigured and swollen. The only identifying feature to the victim  that I observed was the long dreadlocks." Exhibits 3 & 4

12. First responders from the South Georgia Medical Center Mobile Healthcare Service on January 11, 2013 cited, "bruising noted to the right jaw", and superficial abrasions on KJ's right wrist and finger on his left hand. Exhibit 12 (Note: last page blurred from being altered prior to delivery to Plaintiff's in an Open Records Request)

13. Numerous crime scene photographs of Kendrick's injuries taken by authorities that show severe non accidental blunt force trauma.  Exhibit 14 shows a hematoma and depressed contour deformity consistent with a skull fracture.

14. Georgia Code §16-10-20.1(a) makes it unlawful to alter, conceal, cover-up, or create a document and file, enter, or record in a public record or court of this state or of the United States knowing or having reason to believe the document has been altered or contains materially false, fictitious, or fraudulent information.

15. Documentation from the FBI case file for Kendrick Lamar Johnson indicates, that an investigator told the coroner (*name redacted*) "that an autopsy was not needed because the death was an accident.", indicative of collaboration to officially present a false narrative as well as a veiled threat to the coroner for his intent to follow protocol. Exhibit 11

16. Local authorities would then get special permission to have the Plaintiff's minor son's body taken to the Valdosta-Lowndes Regional Crime Laboratory, a component of the Valdosta Police Department outside of standard protocol.

17. Exhibit 10 illustrates the unnatural appearance changes to the body of Kendrick Lamar Johnson while under the absolute control of the local and state authorities in Georgia and prior to being received by the funeral home dirctor.

18. Material date and timestamp descrepencies concerning the last times the Plaintiff's minor son was last seen alive, when his body was "officially" discovered, even evidence from the Kendrick Johnson FBI case files illustrating employees for the Lowndes County School District were less than honest about

when the school wrestling team left for the state tournament on January 10, 2013. See Exhibit 13

19. Local and state authorities collaborated, colluded, and conspired to cover-up the murder of Kendrick Johnson claiming the teen caused his own death when he reached down inside a gymnasium mat standing six feet tall, to retrieve his shoe, fell inside the mat from a crawling belly position with such force that his body disappeared inside the mat without anyone else taking notice, got stuck and suffocated by accident.

20. A report from the Valdosta-Lowndes County Regional Crime Laboratory falsely claims, "There appeared to be no signs of blunt force trauma on Johnson's face or body.  There appeared to be no visible signs of wounds on Johnson's body." Exhibit 5

21. Detective Gerardo Morales reports, "An examination of the decedent by the local authorities did not reveal the presence of any external trauma." Exhibit 6

22. Georgia Buruea of Investigation Medical Examiner Dr. Maryanne Kraft in her autopsy report writes, "No significant injuries identified"  Exhibit 7

23. Authorities fabricated their reports concerning crime scene evidence so that the reported lies about the crime scene would logically be consistent with the invented narrative they were presenting.

24. James Thornton reported that the shoe authorities claimed Kendrick was reaching for inside the mat and a pair of shoes inside the mat with Kendrick's body, were both "saturated in blood"[5] yet a review of those evidences reveal a total absence of blood, further proof of a staged crime scene, invented narrative, and false propaganda. Exhibits 8 & 9

25. Authorities in Georgia have maintained these blatant lies, seriously breaching the publics trust, and further continuing with the pattern of overt acts concerning the murder cover-up scandal of the Johnson's minor son Kendrick.

26. On September 19, 2023 the Plaintiff's filed the action in *Kenneth Johnson, et al v. Georgia Bureau of Investigation*, pursuant to provisions under the Fourteenth amendment codified as 42 U.S.C §1983 and 42 U.S.C §1985, pertaining to the GBI's involvement with covering up the premeditated murder of the Johnson's minor son Kendrick subsequently violating their protectd rights under the U.S. Constitution.

27. On or about May 21, 2024, the Johnson's petitioned the Eleventh Circuit Court of Appeals for *Writ of Mandamus* to direct the District Court to rule on the Defendants' frivolous bad faith motions to dismiss, to direct the District Court to rule on the Plaintiffs' motion for leave to amend their Complaint, to direct the District Court to lift the stay of discovery to remove current barriers depriving the

---

[5] See Exhibit 7-5 - "Crime Scene Item #'s 7, 8, and 10 were saturated in blood so they were placed into drying cabinet # 1 and I maintaned the keys."

Plaintiffs' of their constitutionally protected civil rights to Due Process under the law, and to direct the presiding judge to come into compliance with 28 U.S.C. § 144 and self-recuse.

28. On May 31, 2024, Defendant-LMM entered a materially false and fraudulent Final Judgment in violation of 18 U.S.C. § 1001 which prohibits knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States[6] and GA Code § 16-10-20.1, dismissing the Plaintiff's Complaint without any due process to the benefit, aid, and protection of the defendants[7], subsequently mooting the Johnson's petition for *Writ of Mandamus*.

29. The Johnson's appealed Defendant-LMM's illegal dismissal of their Complaint without any due process and on February 21, 2025, the Eleventh Circuit Court of Appeals reversed the felonious Order and Final Judgment, further citing procedural due process violations sending the case back to the district court for further review.

---

[6] 18 U.S. Code § 1519 makes it a federal crime punishable with up to twenty years in prison to falsify or make false entry in any record or document with the intent to impede, obstruct, or influence the proper administration of any matter within the jurisdiction of any department or agency of the United States. - https://www.law.cornell.edu/uscode/text/18/1519

[7] 18 U.S. Code § 3 Accessory after the fact, makes it a federal crime punishable with up to 15 years in prison for knowingly assisting an offender avoid punishment for his offense. - https://www.law.cornell.edu/uscode/text/18/3

30. At some point after the Eleventh Circuit's reversal of Defendant-LMM's materially false and felonious Final Judgment, the defendant's in the case petitioned the appeals court ex parte communication, for a rehearing.

31. On May 19, 2025 the Eleventh Circuit denied the defendant's in the case a rehearing.

32. On or about March 4, 2025, the Johnson's filed a Fourth Amended Complaint in this Court in compliance with Orders from the Eleventh Circuit Court of Appeals against the Georgia Bureau of Investigation and Lowndes County Georgia pursuant to provisions under the Fourteenth Amendment to the U.S. Constitution codified as 42 U.S.C §1983, 42 U.S.C §1985, 42 U.S.C §1986 with the expectation that Defendant-LMM would come into compliance with 28 U.S.C. § 144 and self-recuse.

33. Instead, Defendant-LMM entered an order dismissing the Johnson's fourth amended complaint without any due process.

34. On or about May 2, 2025, the Johnson's filed a motion for leave to file a fifth amended complaint that included Defendant-LMM as a defendant in *Kenneth Johnson, et al v. Georgia Bureau of Investigation, et al* for depriving and interfering with the Johnson's constitutionally protected rights while acting under color of law in her official capacity.

12

35. Defendant-LMM would finally come into compliance with 28 U.S.C. § 144 and recuse herself due to documented prejudices and overt acts in her official capacity while acting under color of law that where the "clear absence of jurisdiction" existed.

36. The Johnson's cases were both reassigned to Defendant-SEG where she dismissed the Fifth Amended Complaint, instructed the Johnson's to file another complaint titled Second Amended Complaint and granted them prior leave for the filing.

37. The Johnson's complied and filed a new Second Amended Complaint, consistent with provisions of orders from the Eleventh Circuit, naming the Georgia Bureau of Investigation as the primary and four co-defendants.

38. The Georgia Buruea of Investigation refiled its motion to dismiss the Johnson's Complaint erroneously making the same lack of jurisdiction eleventh amendment state sovereign immunity that did not survive the Johnson's appeal, therefore without legal merit and clearly abusive litigation based on Eleventh Circuit standard of review.[8]

39. Each of the other defendant's filed erroneous motion's to dismiss the Johnson's Complaint without due process and also contemptuous to active orders from the Eleventh Circuit Court of Appeals.

---

[8] See *J.C. Penney Corporation, Inc. v. Oxford Mall, LLC*, No. 22-12461 (11th Cir. 2024)

40. All of the defendant's in the case also filed motions to stay discovery based on arguments without legal merit.

41. Defendant-SEG would grant the defendant's motions to stay discovery and further retaliated against the Johnson's, threatening to dispose of their entire case based on the erroneous findings by Defendant-LMM that the GBI had sovereign immunity, in spite of that claim failing on appeal and further not an affirmative defense in a Fourteenth Amendment rights violations civil action!

42. Defendant-SEG knew or should have known that the GBI does not have sovereign immunity when they violate the rights of an individual under the Fourteenth Amendment and threatening to dispose of the Johnson's entire case for a second time without due process, deprived and interfered with their constitutionally protected ritghts!

43. On or about September 10, 2025, the Johnson's objected to Defendant-SEG's retaliatory and felonious Order (*Kenneth Johnson, et al v. GBI, et al* case number: 1:23−cv−04218, Dkt. 169) citing the Fourteenth Amendment, well-settled case law, and longstanding U.S. Supreme Court precedence.

44. On or about September 26, 2025 the Johnson's submitted to the Court a motion for Defendant-SEG to recuse in accordance with 28 U.S.C. § 455 for continuing the pattern established by Defendant-LMM using their official capacity

as federal judge and acting under color of law to deprive and interfere with the Johnson's constitutionally protected right.

45. On March 2, 2026 more than nine hundred days after the commencement of these proceedings, Defendant-SEG dismissed the Plaintiff's Complaint in *Johnson et al., v. GBI et al.*, following the same pattern as Chief Judge May denying them constitutional guarantees to due process, thumbing her nose at the Federal Rules of Civil Procedure, furthering a RICO conspiracy using her official capacity to provide aid and comfort to unindited felons involved in the covering up of the murder of the Plaintiff's minor son Kendrick Lamar Johnson thus operating in "clear absence of jurisdiction" bringing rise to this Complaint.

<u>FIRST CAUSE OF ACTION</u>

DEPRIVATION OF RIGHTS

46. "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal. *Elliott v. Peirsol*, 1 Pet. 328, 340, 7L. Ed. 164; *Old Wayne Life Ass'n v. McDonough*, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345."[9]

---

[9] See *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S. Ct. 116 (1920)

47. On May 31, 2024 Defendant-LMM dismissed the Johnson's case after Mr. Johnson filed an affidavit of bias or prejudice of a judge pursuant to 28 U.S.C. § 144[10], the federal statute that prohibited her further involvement with the case and after she physically received her copy of the Appellant's petition for writ of mandamus requesting the Eleventh Circuit to enforce mandates under 28 U.S.C. § 144 requiring the district court to assign another judge to hear the case and to further provide instructions to the district court regarding the Appellant's due process rights to discovery.

48. Defendant-LMM never accepted as true all of the allegations in the Plaintiffs' Complaint[11] nor did she construe the Plaintiff's allegations liberally as pro se litigants[12] demonstrated by her materially false, fraudulant, and felonious May 31, 2024 Final Judgment.

---

[10] See 28 U.S. Code § 144 - Bias or prejudice of judge - "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." https://www.law.cornell.edu/uscode/text/28/144

[11] See *Harry v. Marchant*, 237 F.3d 1315, 1317 (11th Cir. 2001) - the court "accepts as true all of the allegations in the Complaint and views them in the light most favorable to the plaintiff." see also *St. Charles Foods. Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 819 (11th Cir. 1999), *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

[12] See *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency*, 949 F.3d 1302, 1304 (11th Cir. 2020) - the Court also construes "the allegations in a pro se complaint liberally, in the light most favorable to the plaintiff."

49. None of the defendant's in the cases presided over by Defendant-LMM denied any of the Plaintiffs' allegations as presented to Defendant-LMM with admissible evidence supporting each set of allegations in the Johnson's Complaint.

50. The standard of the Eleventh Circuit and every circuit in the United States is that the Court accept as true all the allegations in a Plaintiff's complaint, views the "facts" in the most favorable "light" most favorable to the plaintiff, and should there be a conflict between an exhibit and the content of a parties filing, even if the conflict be between the Plaintiffs complaint and an exhibit, the Eleventh Circuit standard is that the exhibit has control.

51. In spite of this Eleventh Circuit standard, Defendant-LMM did not consider or mention any of the Johnson's exhibits as controlling evidence, in her Final Order.

52. Furthermore, the Final Order and Judgment fail to appropriately apply the "plausibility"[13] standard to any set of allegations in the Johnson's Complaint in spite of the controlling evidences before the Court far exceeding the plausibility standard of the Eleventh Circuit [14] and U.S. Supreme Court which notes a complaint must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in

---

[13] See *Ashcroft v, Iqbal*, 556 U.S. 662, 678 (2009)
[14] See *American Detal Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)

17

the complaint are true, "even if doubtful in fact."[15] and that a complaint must allege enough facts, taken as true, to raise the reasonable expectation that "discovery will reveal evidence of illegal agreement."

53. In *Kenneth Johnson, et al v. GBI, et al*, the Johnson's provided Defendant-LMM with enough factual allegations that created "more than a suspicion of a legally cognizable cause of action", they included evidence that showed the Georgia authorities followed through with their scheme by falsifying official records. Discovery would undoubtedly reveal additional evidences and entities involved with the conspiracy.

54. Defendant-LMM also falsely claims the "Plaintiffs have not alleged that these parties have any agreement or understanding with one another, especially not an agreement to violate Plaintiffs' rights." See *Kenneth Johnson, et al v. GBI, et al* case number: 1:23−cv−04218−LMM (Dkt. 102, p. 13)

55. The Johnson's allege and/or infer an agreement between Georgia officials multiple times in the complaint that was before Defendant-LMM, explicitly stating an "agreement between the Defendants to violate a multitude of the Plaintiff's civil rights and federal and state criminal statutes." See *Kenneth Johnson, et al v. GBI, et al* case number: 1:23−cv−04218−LMM (Dkt. 43, ¶ 168)

---

[15] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555

56. To adequately plead a civil rights conspiracy, Plaintiffs must allege that Defendants reached an agreement to violate their rights. See *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283–84 (11th Cir. 2002); *NAACP v. Hunt*, 891 F.2d 1555, 1566–63 (11th Cir. 1990).

57. The official record shows the Johnson's alleged Georgia officials had an agreement to violate their protected rights directly negating claims made by Defendant-LMM in her May 31, 2024 Final Order and Judgment in *Kenneth Johnson, et al v. GBI, et al.*

58. Defendant-LMM knew or should have known that inventing materially false claims in a U.S. District Court Final Order and Judgment violated Title 18 U.S.C. § 1001 prohibiting knowingly and willfully making false or fraudulent statements, or concealing information, in "any matter within the jurisdiction" of the federal government of the United States, even by mere denial, and that whoever knowingly or willfully makes false or fraudulent statements in "any matter within the jurisdiction" of the federal government of the United States can be fined and imprisoned for up to 5 years.

59. O.C.G.A. § 16-4-8 states a person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy.

60. The statute makes clear that anyone who knowingly and willingly joins an ongoing conspiracy is considered a member, just as much as if they had been part of the original agreement.

61. Not only did the Johnson's allege an agreement between Georgia authorities to violate their civil rights, they provided the district court with evidence supporting the allegations in each cause of action. The Final Order does not consider or even mention any of the exhibits attached to the complaint nor does it consider or mention any other exhibits on the official record filed by the Johnson's.

62. The Eleventh Circuit standard is all allegations and "inferences" of rights violations must be construed liberally and in the light most favorable to pro se plaintiffs[16].

63. Defendant-LMM acted with "clear absence of jurisdiction" and in contravention of federal and state laws[17], when she joined the murder cover-up

---

[16] See *Madera v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). see also *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019), *St. Charles Foods. Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 819(11th Cir. 1999), *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999), *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency*, 949 F.3d 1302, 1304 (11th Cir. 2020).

[17] See *Elliott v. Peirsol*, 1 Pet. 328, 340, 7L. Ed. 164; *Old Wayne Life Ass'n v. McDonough*, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345." - "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." See also *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S. Ct. 116 (1920)

conspiracy scandal of the Johnson's minor son Kendrick Lamar Johnson, by the Lowndes County Georgia Sheriff's Office, Valdosta-Lowndes Regional Crime Labratory, and Georgia Bureau of Investigation involving a multitude of racketeering influenced corrupt organization (RICO) predicate criminal acts, when she used her official position in *Kenneth Johnson, et al v. Georgia Bureau of Investigation, et al*, and *Kenneth Johnson, et al v. Georgia Department of Public Health,* acting under color of law by assisting, aiding, and providing comfort to the co-conspirators involved in said murder scandal cover-up, including but not limited too overt acts violating a multitude of federal statutes including,  18 U.S.C. § 1001, 18 U.S.C. § 242, and GA Code § 16-10-20.1.

64. Defendant-LMM deprived the Johnson's of their constitutionally protected rights under the law.

65. 18 U.S.C. § 242 criminalizes the deprivation of civil rights under color of law and anyone using their position to deprive the Plaintiff's of their protected rights can be imprisoned for any term of years or for life, or both.   It is not necessary that the offense be motivated by racial bias or by any other animus.

SECOND CAUSE OF ACTION

CONSPIRACY TO INTERFERE WITH RIGHTS

66. The Johnson's incorporates by reference the legal reasoning and factual analysis set forth in the First Cause of Action as a separate cause of action against

Defendant-LMM   for conspiracy to interfere with their constitutionally protected rights by Defendant-LMM working on behalf and to the benefit of the denfendant's in *Johnson et al., v. GBI et al.*, and *Johnson et al., v. DPH*, thumbing her nose at the Federal Rules of Civil Procedure and joining a murder cover-up conspiracy scandal, prosecutable under RICO statutes, and operating in "clear absence of jurisdiction" bringing rise to this Complaint.

## THIRD CAUSE OF ACTION

## DEPRIVATION OF RIGHTS

67. In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted <u>or where the judge has not performed his judicial function -- - thus where the impartial functions of the court have been directly corrupted</u>."

68. Fraud upon the court has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, <u>or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.</u>" *Kenner v. C.I.R.*, 387 F.3d 689 (1968)

69. Defendant-SEG became involved with the Johnson's case in *Johnson et al. v. GBI et al.*, after Defendant-LMM came into compliance with the statutory mandate for her to recuse herself from the Johnson's cases for bias or prejudice of a judge.

70. Defendant-SEG reset the proceedings from the chaos created by Defendant-LMM by dismissing the Johnson's Fifth Amended Complaint and instructing the

23

Johnson's to file another complaint titled Second Amended Complaint and granted them prior leave for the filing.

71. The Johnson's complied and filed a new Second Amended Complaint, consistent with provisions of orders from the Eleventh Circuit, naming the Georgia Bureau of Investigation as the primary and four co-defendants.

72. The Georgia Buruea of Investigation refiled its motion to dismiss the Johnson's Complaint erroneously making the same lack of jurisdiction eleventh amendment state sovereign immunity that did not survive the Johnson's appeal to the Eleventh Circuit Court of Appeals, therefore without legal merit and clearly abusive litigation based on Eleventh Circuit standard of review.[18]

73. Each of the other defendant's filed erroneous motion's to dismiss the Johnson's Complaint without due process and also contemptuous to active orders from the Eleventh Circuit Court of Appeals.

74. All of the defendant's in the case also filed motions to stay discovery based on arguments having no legal merit.

75. Defendant-SEG would grant the defendant's motions to stay discovery and further retaliated against the Johnson's, threatening to dispose of their entire case based on the erroneous findings by Defendant-LMM that the GBI had sovereign

---

[18] See *J.C. Penney Corporation, Inc. v. Oxford Mall, LLC*, No. 22-12461 (11th Cir. 2024)

immunity, in spite of that claim failing on appeal and further not an affirmative defense in a Fourteenth Amendment rights violations civil action!

76. Defendant-SEG never accepted as true all of the allegations in the Plaintiffs' Complaint[19] nor did she construe the Plaintiff's allegations liberally as pro se litigants[20] demonstrated by her materially false, fraudulent, and felonious February 2, 2026 Order and Final Judgment, like Chief Judge May, dismissing the Plaintiff's Complaint without Due Process running afoul of the U.S. Constitution, Eleventh Circuit standards, well-settled caselaw, and longstanding  U.S. Supreme Court precedence.

77. Defendant-SEG knew the Eleventh Circuit Court of Appeals refused to affirm the GBI's motion to dismiss the Johnson's lawsuit for failure to state a claim, therefore  failure to state a claim is not an affirmative defense in the *Johnson et al., v. GBI et al.* and only a corrupted judge would completely dismiss the same lawsuit for failure to state a claim when that argument did not survive the Eleventh Circuit's decision not once but twice!

---

[19] See *Harry v. Marchant*, 237 F.3d 1315, 1317 (11th Cir. 2001) - the court "accepts as true all of the allegations in the Complaint and  views them in the light most favorable to the plaintiff."  see also *St. Charles Foods. Inc. v. America's Favorite Chicken Co*., 198 F.3d 815, 819 (11th Cir. 1999), *Bryant v. Avado Brands Inc*., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).
[20] See *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency*, 949 F.3d 1302, 1304 (11th Cir. 2020) - the Court also construes "the allegations in a pro se complaint liberally, in the light most favorable to the plaintiff."

78. Defendant-SEG knew or should have known that once a matter goes to a higher court on appeal of a final judgment, and the appeals court does not affirm a party's motion to dismiss for lack of jurisdiction amongst, she lacks the authority to threaten disposing of the Johnson's case against the GBI, because the Johnson's did not comply with a materially false finding by Defendant-U.S. District Court for the Northern District of Georgia (hereinafter "USNDG") in addition to the unprecedented unlawful and felonious order[21] entered by her.

79. O.C.G.A. § 16-4-8 states a person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and <u>any one or more of such persons does any overt act to effect the object of the conspiracy</u>.

80. The statute makes clear that anyone who knowingly and willingly joins an ongoing conspiracy is considered a member, just as much as if they had been part of the original agreement.

81. Defendant-SEG knew or should have known that the findings by Defendant-LMM purporting the GBI had sovereign immunity therefore the Johnson's pursuit of civil action against the state agency was futile, was in direct conflict with the Fourteenth Amendment, the intent of the U.S. Congress in section five of the Fourteenth Amendment, and longstanding U.S. Supreme Court

---

[21] See *Kenneth Johnson, et al v. GBI, et al* case number: 1:23−cv−04218, Dkt. 169

precedence whe she threatened to dispose of the Johnson's entire case for a second time without due process, depriving and interfered with their constitutionally protected ritghts!

82. On or about September 10, 2025, the Johnson's objected to Defendant-SEG's retaliatory and felonious Order (*Kenneth Johnson, et al v. GBI, et al* case number: 1:23–cv–04218, Dkt. 169) citing the Fourteenth Amendment, well-settled case law, and longstanding U.S. Supreme Court precedence.

83. On or about September 26, 2025 the Johnson's submitted to the Court a motion for Defendant-SEG to recuse in accordance with 28 U.S.C. § 455 for continuing the pattern established by Defendant-LMM using their official capacity as federal judges and acting under color of law to deprive and interfere with the Johnson's constitutionally protected right.

84. Defendant-SEG has yet to come into compliance with statutory mandates to recuse.

85. Defendant-SEG deprived the Johnson's of their constitutionally protected rights under the law.

86. 18 U.S.C. § 242 criminalizes the deprivation of civil rights under color of law and anyone using their position to deprive the Plaintiff's of their protected rights can be imprisoned for any term of years or for life, or both. It is not necessary that the offense be motivated by racial bias or by any other animus.

27

87. According to the U.S. Supreme Court, judges who knowingly violate the law, have no qualified immunity from civil liability[22].

88.      Judge Geraghty's overt acts under color of law, and Orders further the object of the conspiracy to cover-up the murder of the Johnson's minor son Kendrick Lamar Johnson, provided aid and comfort to Georgia authorities effectively obstructing the due administration of justice and depriving the Johnson's of their constitutionally protected rights.

## FOURTH CAUSE OF ACTION

## CONSPIRACY TO INTERFERE WITH RIGHTS

89. Nearly nine hundred days have passed since the Johnson's commenced the civil action in *Johnson et al., v. GBI et al.*, and *Johnson et al., v. DPH*, and the defendant's still have not filed an answer to the Johnson's Complaint in either case pursuant to rule 8 and rule 11 of the F.R.C.P., a direct result of Defendant-SEG working on behalf and to the benefit of the denfendant's in those cases, thumbing her nose at the Federal Rules of Civil Procedure and joining a murder cover-up conspiracy scandal, prosecutable under RICO, and operating in "clear absence of jurisdiction" bringing rise to this Complaint.

---

[22] *District of Columbia v Wesby*, 138 S. Ct. 577, 589, 199 LEd. 2d 453 (2018) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct 1092, 89 L.Ed. 2d 271 (1986)) - The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."

90. The Johnson's incorporates by reference the legal reasoning and factual analysis set forth in the First and Third Cause(s) of Action as a separate cause of action for conspiracy to interfere with their constitutionally protected rights.

### FIFTH CAUSE OF ACTION

### FRAUD ON THE COURT DEPRIVING AND INTERFERING WITH RIGHTS

91. In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function -- - thus where the impartial functions of the court have been directly corrupted."

92. Fraud upon the court has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968)

93. The Johnson's incorporates by reference the legal reasoning and factual analysis set forth in the First Cause of Action as a separate cause of action against Defendant-LMM for fraud upon the court thereby depriving and interfering with their protected rights.

## SIXTH CAUSE OF ACTION

### FRAUD ON THE COURT DEPRIVING AND INTERFERING WITH RIGHTS

94.  In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

95. Fraud upon the court has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968)

96. The Johnson's incorporates by reference the legal reasoning and factual analysis set forth in the First Cause of Action as a separate cause of action against Defendant-SEG  for fraud upon the court thereby depriving and interfering with their protected rights.

## SEVENTH CAUSE OF ACTION

### CONSPIRACY AGAINST RIGHTS

97. In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function -- - thus where the impartial functions of the court have been directly corrupted."

98. Fraud upon the court has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968)

99. The Johnson's incorporates by reference the legal reasoning and factual analysis set forth in the First through Sixth Causes of Action as a separate cause of action against Defendant-LMM and Defendant-SEG conspiring together engaging in fraud upon the court thereby depriving and interfering with their protected rights.

100.    The evidence concerning the murder, evidence concerning the conspiracy to coverup the murder, the undeniable false official reports and filings beginning January 2013 through the present day by local, state, and federal entities,

31

the tampering with and altering evidence in violation of federal[23] and state[24]

criminal statutes, illustrated by the unnatural progression in the appearance

(Exhibit 10) of the Johnson's minor son Kendrick from the time his lifeless body

was purportedly found at Lowndes County High School, until it was received by

his parents at the funeral home, skin blackened with excessive peeling, a crease in

the forehead indicative of the absence of Kendrick's brain further implicating yet

another entity in the conspiracy scandal, all of this presented to Defendant-LMM

and Defendant-SEG by the Johnson's and still these judges pretextually purport to

be considering meritless motions to dismiss the Johnson's complaints without any

due process under the law, running afoul of the federal rules, in contempt of active

Orders from the Eleventh Circuit Court of Appeals, and contrary to the "impartial

task of adjudging cases that are presented for adjudication."[25]

101.    The public record is clear, Defendant-LMM, Defendant-SEG, and

Defendant-DCG were required by law to deny relief to the co-conspirators in the

murder cover-up conspiracy scandal of the Plaintiff's minor son Kendrick and

further mandated by law to contact authorities regarding clear evidence of a

---

[23] See 18 U.S.C. § 1519

[24] See Georgia Code § 16-10-94

[25] See *Kenner v. C.I.R.*, 387 F.3d 689 (1968) - Fraud Upon the Court: an "unconscionable plan or scheme which is designed to improperly influence the court in its decision". Such fraud must "defile the court itself" or be "a fraud perpetrated by officers of the court,"; See also *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)

vicious crime and scandalous public corruption under RICO laws covering up of the crimes by local, state, and federal authorities.[26]

102.    The material facts, public record, and totality of circumstances are clear, Defendant-LMM and Defendant-SEG are members of and co-conspirators in a racketeering influenced corrupt organization that covered-up the murder of the Johnson's minor son Kendrick, and both of their actions, independently and collectively were with "clear absence of jurisdiction" subsequently violating a multitude of the Plaintiff's constitutionally protected rights!

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff respectfully requests that this Court:

A. Declare the conduct engaged in by Defendand-LMM and Defendant-SEG to be in violation of Plaintiff's constitutionally protected rights.

B. Declare the Defendant-LMM and Defendant-SEG  engaged in conduct that violated the criminal statutes concerning making materially false filings in matters within the jurisdiction of the United States particular with the intent to hinder and obstruct justice.

---

[26] 18 U.S. Code § 4 - Misprision of felony - Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or <u>other person in civil</u> or military <u>authority under the United States, shall be fined under this title or imprisoned not more than three years, or both</u>.
https://www.law.cornell.edu/uscode/text/18/4

C.    Grant judgment to Plaintiff in the amount of $5,000,000,000.00 in compensatory damages, with pre- and post-judgment interest of ten percent.

D.    Grant judgment to Plaintiff in the amount of $5,000,000,000.00 for punitive damages, with pre- and post-judgment interest of ten percent.

E.    Grant such further relief as the court deems necessary and proper in the public interest.

F.    Grant Plaintiff any costs of this action, including reasonable attorney fees, expert witness fees, and litigation costs.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in the Complaint.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

                              Respectfully submitted,

Dated:    March 3, 2026        */s/ Kenneth Johnson*_____
                              Kenneth Johnson

                              */s/ Jacquelyn Johnson*_____ __
                              Jacquelyn Johnson

                              2800 Tyndall Drive,
                              Valdosta, Georgia 31602
                              229.560.5555
                              mikekjjohnson48@yahoo.com